UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PETER JOHN TRILIEGI,

                   Petitioner,

    v.

H. A. RIOS, Warden,

                   Respondent.

)  1:11-cv—00201-BAM-HC
)
)  ORDER TO PETITIONER TO SHOW CAUSE
)  NO LATER THAN THIRTY (30) DAYS
)  AFTER SERVICE OF THIS ORDER WHY
)  THE PETITION SHOULD NOT BE
)  DISMISSED AS MOOT  (Docs. 1, 13)
)
)  ORDER PERMITTING RESPONDENT TO
)  REPLY WITHIN TEN (10) DAYS OF
)  SERVICE TO PETITIONER'S RESPONSE
)  TO THE ORDER TO SHOW CAUSE

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on February 14, 2011, and on behalf of Respondent on December 19, 2011.

Respondent has responded to the petition, in which Petitioner seeks credit upon his federal sentence based on his claim that the Bureau of Prisons (BOP) ignored a sentencing judge's intention to create a concurrent sentence for Petitioner's supervised release violation and new criminal

1

conduct.  Petitioner has filed a traverse.  Pending before the
Court is Petitioner's notice of change of address, which was
filed on July 2, 2012, and which appears to indicate that
Petitioner is no longer in the custody of the BOP.

Federal courts lack jurisdiction to decide cases that are
moot because the courts' constitutional authority extends to only
actual cases or controversies.  Iron Arrow Honor Society v.
Heckler, 464 U.S. 67, 70-71 (1983).  Article III requires a case
or controversy in which a litigant has a personal stake in the
outcome of the suit throughout all stages of federal judicial
proceedings and has suffered some actual injury that can be
redressed by a favorable judicial decision.  Id.  A petition for
writ of habeas corpus becomes moot when it no longer presents a
case or controversy under Article III, § 2 of the Constitution.
Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003).  A petition
for writ of habeas corpus is moot where a petitioner's claim for
relief cannot be redressed by a favorable decision of the court
issuing a writ of habeas corpus.  Burnett v. Lampert, 432 F.3d
996, 1000-01 (9th Cir. 2005) (quoting Spencer v. Kemna, 523 U.S.
1, 7 (1998)).  Mootness is jurisdictional.  See, Cole v. Oroville
Union High School District, 228 F.3d 1092, 1098-99 (9th Cir.
2000).  Thus, a moot petition must be dismissed because nothing
remains before the Court to be remedied.  Spencer v. Kemna, 523
U.S. at 18.

A case becomes moot because of the absence of an actual case
or controversy where the petitioner no longer suffers or
anticipates an injury traceable to the respondent which is likely
to be redressed by a judicial decision.  Spencer v. Kemna, 523

U.S. at 11.  Although a habeas claim for credit on a sentence may be mooted by the petitioner's release, it is also possible that the claim remains viable.  For example, a habeas challenge to a term of imprisonment is not mooted by a petitioner's release where the petitioner remains on supervised release and there is a possibility that the petitioner could receive a reduction in his term of supervised release.  Reynolds v. Thomas, 603 F.3d 1144, 1148 (9th Cir. 2010).  In Reynolds, it was held that a proceeding pursuant to 28 U.S.C. § 2241 challenging a decision of the BOP denying the petitioner's request for credit towards his federal sentence for days spent in state custody was not moot where the petitioner was released and remained on supervised release, and the BOP's internal, favorable decision did not recalculate the petitioner's release date as the petitioner had requested.

Accordingly, IT IS ORDERED that within thirty (30) days of the date of this order, Petitioner SHOW CAUSE why the Court should not dismiss the petition for mootness.

If Petitioner files a response to this order, Respondent may FILE a reply to Petitioner's response no later than ten (10) days after the date of service of Petitioner's response on Respondent.

Petitioner is INFORMED that a failure to comply with this order may itself be considered a basis for imposing sanctions against Petitioner pursuant to Local Rule 110, and it will result in dismissal of the petition.

IT IS SO ORDERED.

Dated:   July 10, 2012          /s/ Barbara A. McAuliffe
                             UNITED STATES MAGISTRATE JUDGE