UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PETER JOHN TRILIEGI, | ) | 1:11-cv–00201-BAM-HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITIONER'S |
| | ) | MOTION FOR A DECISION AS MOOT |
| | ) | (DOC. 19) |
| v. | ) | |
| | ) | ORDER DENYING THE PETITION FOR |
| H. A. RIOS, Warden, | ) | WRIT OF HABEAS CORPUS (DOC. 1) |
| | ) | |
| Respondent. | ) | ORDER DIRECTING THE ENTRY OF |
| | ) | JUDGMENT FOR RESPONDENT |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on February 14, 2011, and on behalf of Respondent on December 19, 2011. Pending before the Court is the petition, which was filed on February 4, 2011, in which Petitioner seeks credit upon his federal sentence based on his claim that the Federal Bureau of Prisons (BOP) ignored a federal sentencing judge's intention to create a concurrent sentence for Petitioner's supervised release violation and new criminal conduct. On December 19, 2011,

Respondent filed an answer to the petition, and Petitioner filed a traverse on January 5, 2012.

I. Jurisdiction

A claim challenging the manner, location, or conditions of a sentence's execution must be brought under § 2241. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). A challenge to the manner in which a sentence is executed must be brought in a habeas petition pursuant to 28 U.S.C. § 2241. Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1991) (concerning whether the parole commission had improperly failed to credit the prisoner's federal sentence with time served in state custody). Thus, this Court has jurisdiction over Petitioner's claim concerning the execution of his sentence.

A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). Petitioner has named as Respondent the warden of his institution of confinement, who is within this judicial district.

The Court concludes that it has subject matter jurisdiction over the petition as well as jurisdiction over the person of the Respondent.

Further, Respondent concedes that Petitioner has named a proper respondent, venue is proper in this district, and Petitioner has exhausted administrative remedies. (Ans., doc. 11, 2-3.)

II. Facts

The facts are derived from the declaration of J. Scott Farr,

a management analyst for the Designation and Sentence Computation Center of the BOP, who reviewed and summarized Petitioner's records and attached pertinent portions of them to his declaration.

    On September 24, 1997, in case number 97-CR-69 of the United States District Court for the Eastern District of Wisconsin, Petitioner was sentenced to two concurrent terms of thirty-three months each for possessing with intent to distribute and distributing a mixture containing cocaine (count 1) and manufacturing in excess of 100 marijuana plants (count 3), with five years of supervised release.  Petitioner served his time in custody and was released on supervised release on June 25, 1999, with his supervision scheduled to terminate on June 24, 2004. (Decl. of J. Scott Farr, doc. 11-1, 2; doc. 11-2, 6.)

    On June 15, 2004, a criminal complaint was filed in case number 04-CR-160 in the United States District Court for the Eastern District of Wisconsin charging Petitioner with manufacturing 100 or more marijuana plants.  (Doc. 11-1, 2; doc. 11-2, 3-4.)  Petitioner was arrested on the charges on the same date.  (Doc. 11-1, 2; doc. 11-2, 6.)

    On July 20, 2004, in a revocation hearing report, a probation officer reported the issuance of a warrant to address Petitioner's violations of supervised release, including false reports of living alone despite maintaining a residence with his co-defendant, illegally possessing a controlled substance, and using a telephone to continue growing with his co-defendant 100 or more marijuana plants.  (Doc. 11-2, 7-9.)

    On August 10, 2004, Petitioner was sentenced to three years

in prison, with no supervised release to follow, on his violations of the conditions of supervised release in case number 97-CR-69. (Doc. 11-2, 15-17.)

After sentencing, Petitioner remained in custody on case number 04-CR-160. (Doc. 11-2, 4.)

On March 6, 2006, in case number 04-CR-160, Petitioner was sentenced for manufacturing 100 or more marijuana plants in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 851 to a term of "120 months on count two, to run concurrent to the sentence in Case No. 97-CR-69." (Doc. 11-1, 4; doc. 11-2, 20, 19-23.) A partial transcript of the sentencing proceedings shows that the sentencing court understood that there was a statutory mandatory minimum that dictated the ten-year sentence; however, the court was willing to run the sentence concurrently with case number 97-CR-69 as was set forth in a plea agreement. (Doc. 11-3, 48, 51, 54-56.) When Petitioner sought to delay the sentencing proceedings, the court noted that the case had been adjourned for a long time, and that there was no compelling reason not to proceed with the sentencing. (Id. at 50.)

Petitioner was remanded to the custody of the United States Marshal on the date of sentencing. (Doc. 11-2, 20.) Sentencing Monitoring Computation Data reflects that Petitioner was committed to the custody of the BOP for service of both terms on April 18, 2006. (Doc. 11-2, 29; doc. 11-1, 4.)

A computation from the BOP reflects that with respect to Petitioner's three-year term for the violations of supervised release, Petitioner was awarded jail credit from June 15, 2004 (the date of arrest on the new charges) through August 9, 2004

(the day before the date on which Petitioner was sentenced on the supervised release violations), amounting to 56 days. (Doc. 11-2, 28.) With the addition of credit for good conduct time, the term was satisfied on January 24, 2007. (Id.)

With respect to Petitioner's sentence for the new marijuana manufacturing charge imposed on March 6, 2006, a BOP computation reflects that Petitioner was given pre-sentence jail credit from June 15, 2004, the date of arrest, through August 9, 2004, the day before the date of imposition of the sentence on the supervised release violations, amounting to 56 days. (Doc. 11-2, 30.) Petitioner was not given jail credit for time after August 9, 2004, when he was serving the supervised release sentence, until March 6, 2006, when the sentence on the new charge was imposed. Petitioner's projected statutory release date, computed with projected good conduct time, is September 26, 2014. (Id.)

### III. The Credit Computation

Petitioner argues that with respect to his present sentence on the new offense, he should receive credit for pretrial time spent in custody from the date of arrest on June 15, 2004, until he was sentenced on the new offense on March 6, 2006; thus, Petitioner seeks additional credit for the time he spent serving his first sentence for the supervised release violations after that first sentence was pronounced on August 10, 2004. Petitioner contends that the sentencing judge's intention that the two sentences be given concurrent effect will be realized only if the additional credit is awarded. Petitioner argues that Respondent arbitrarily chose to start the shorter, non-primary sentence first, ignored the primary underlying sentence on the

5

1  new charge, and thereby deprived Petitioner of credits to which
2  he was entitled.
3      Respondent contends that because the two sentences were
4  imposed under different statutory authority, and because the
5  second sentence did not commence until March 6, 2006, the two
6  sentences could not have run concurrently before the date the
7  second sentence was imposed, and thus Petitioner is not entitled
8  to the disputed credit for time spent serving another sentence.
9      With respect to credit for time served and commencement of
10 terms, 18 U.S.C. § 3585 provides as follows:

>   (a) Commencement of sentence.--A sentence to a term of
>   imprisonment commences on the date the defendant is
>   received in custody awaiting transportation to, or
>   arrives voluntarily to commence service of sentence at,
>   the official detention facility at which the sentence
>   is to be served.
>
>   (b) Credit for prior custody.--A defendant shall be
>   given credit toward the service of a term of
>   imprisonment for any time he has spent in official
>   detention prior to the date the sentence commences--
>
>       (1) as a result of the offense for which the
>       sentence was imposed; or
>
>       (2) as a result of any other charge for which
>       the defendant was arrested after the
>       commission of the offense for which the
>       sentence was imposed;

that has not been credited against another sentence.
18 U.S.C. § 3585.

    Section 3585 does not authorize a district court to compute pre-sentence credit at the time of sentencing; rather, the Attorney General, acting through the BOP, has the duty to compute the credit allowed by § 3585(b). United States v. Wilson, 503 U.S. 329, 337 (1992). In addition to awarding credit for time spent in official detention before the date of commencement of a

6

sentence, the statute expressly defines the point at which a sentence to a prison term commences, namely, the date on which the defendant either is received in custody awaiting transportation to the detention facility where the sentence will be served, or arrives voluntarily at the institution to serve the sentence.  Thus, contrary to Petitioner's contention, the BOP's determination of the commencement of Petitioner's sentences was not arbitrary.

Here, Petitioner was awarded credit for fifty-six days representing his detention from the date of his arrest until he was sentenced on the supervised release violations, and this credit was awarded on both his three-year term for supervised release violations and his ten-year term for the new criminal activity of manufacturing marijuana.  (Doc. 11-2, 28, 30.)

However, Petitioner contends that he is entitled to credit on his later sentence for the portion of his previously imposed sentence on the supervised release violations that he served before he was sentenced on the new criminal conduct charge. Petitioner bases this contention on the district court's choice to run the second sentence imposed on Petitioner concurrently with Petitioner's earlier sentence.  However, in directing that the later sentence run concurrently with the earlier sentence, the sentencing court did not express any intention to make the Petitioner's new term commence retroactively so that it was, in effect, running before it was imposed.  Further, the court did not purport to create a single term of 120 months for both sentences; rather, the court only directed that the second sentence run concurrently with the first.

7

Such a direction is consistent with established law, which is to the effect that a federal sentence for a prisoner already serving a sentence of imprisonment cannot begin pursuant to § 3585(a) before the second sentence is pronounced. Schleining v. Thomas, 642 F.3d 1242, 1243-44 (9th Cir. 2011) (determining that good conduct time credit pursuant to 18 U.S.C. § 3624(b)(1), which is awarded only for time actually served on a federal sentence, cannot be awarded for pre-sentence time served on a previously imposed state sentence to which the later federal sentence was ordered to be served concurrently because the later sentence cannot commence until it is pronounced); see also, Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) (determining in pertinent part that a district court's direction that a term of imprisonment should run concurrently with a term ordered previously in another district did not mean that the two sentences had the same starting date because a federal sentence cannot commence before the date it is pronounced, even if it is made concurrent with a sentence already being served); United States v, Gonzalez, 192 F.3d 350, 354-55 (2nd Cir. 1999) (determining that a district court could not "backdate" a sentence to a point at which a state prison term on related state charges began); Shevly v. Whitfield, 718 F.2d 441, 444 (D.C.Cir. 1983) (holding that with respect to pre-sentence credit, a second sentence ordered to run concurrently with a sentence that was imposed earlier runs concurrently with the remainder of the earlier sentence and does not operate in a "fully concurrent" manner because the second sentence runs together with only the remainder of the sentence then being served); United States v.

<u>Flores</u>, 616 F.2d 840, 841 (5th Cir. 1980) (holding in pertinent part that with respect to successive federal sentences imposed on two different dates, where the sentencing court directed that the second term was to "run concurrently with the sentence imposed" in the first case, the sentences could not be concurrent in the sense of having the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served).

Thus, Petitioner has not shown that the BOP's calculation of his pre-sentence credit was inconsistent with the governing federal law.

Petitioner argues that the sentencing transcript reflects that the sentencing court considered the offense that warranted the 120-month sentence imposed in case number 04-CR-160 to be the primary offense. Reference to the transcript does not support this argument. The sentencing court acceded to the request of Petitioner's counsel to have the sentence run concurrently with the sentence imposed for the supervised release violations in the 1997 case. The court expressly considered factors set forth in 18 U.S.C. § 3553(a) relevant to determining whether to impose a concurrent or consecutive sentence, including the serious nature of the offense, Petitioner's character, his significant criminal history with three prior drug distribution cases, his having been on federal supervised release when he committed the new offense, his advanced age, his positive personal qualities, his difficult childhood, his employment record, the lack of any indication of violence or danger, and the risk of recidivism based on his record. (Doc. 11-3, 13-14.) However, there is no indication

9

that the court designated a primary offense.

Petitioner relies on 18 U.S.C. § 3584(c), which provides that multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment. Petitioner argues that the two concurrent terms were not treated as a single, aggregated term of imprisonment.

Respondent contends that the two sentences cannot be aggregated in full because the terms for earning, and the method of awarding, conduct credit changed after Petitioner committed the 1997 offenses and before Petitioner committed the new criminal conduct.[1] Petitioner's first sentence was imposed in August 2004 for violations of a period of supervised release that in turn was ordered based on Petitioner's commission of offenses on February 28, 1996. (Doc. 11-2, 28.) The new criminal conduct occurred on June 15, 2004. (Id. at 30.) Thus, Petitioner's

---

[1] With respect to credit for good conduct, 18 U.S.C. § 3624(b) now provides in pertinent part as follows:
   (b) Credit toward service of sentence for satisfactory behavior.--
   (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.
   (2) Notwithstanding any other law, credit awarded under this subsection after the date of enactment of the Prison Litigation Reform Act shall vest on the date the prisoner is released from custody.

10

first sentence was imposed for an offense that occurred on or after September 13, 1994, but before April 26, 1996, and thus was pronounced under the Violent Crime Control and Law Enforcement Act (VCCLEA); Petitioner's second sentence was imposed for conduct committed on June 15, 2004, and thus was pronounced under the Prison Litigation Reform Act of 1995 (PLRA), which governs a sentence imposed for an offense that occurred on or after April 26, 1996.  (Farr decl., doc. 11-1 at 5-6; doc. 11-2, 25-26.) See also, Sejour v. Sanders, 2012 WL 1247185, *8 (No. CV 11-05744 DMG (AN), C.D. Cal., Jan. 18, 2012) (citing Program Statement 5880.28 at p. 1-78J).  Respondent correctly contends that Petitioner's second sentence, as a PLRA sentence, was subject to 18 U.S.C. § 3624(b)(2), which provides that notwithstanding any other law, credit awarded for satisfactory behavior pursuant to § 3624(b)(1) after the date of the enactment of the Prison Litigation Reform Act shall not vest until the date the prisoner is released from custody.  This provision precludes earlier vesting of good conduct time credits, which was possible under prior law.  It is thus consistent with the statutory scheme that the Program Statement provides that PLRA sentences shall be aggregated with each other but shall not be aggregated with any other sentence because of the statutory differences.  (Doc. 11-2, 25-26.)

    Petitioner has not shown that the inability to aggregate his two sentences is contrary to federal law.  Further, as previously noted, the sentencing court clearly intended to have two separate sentences run concurrently, as distinct from fashioning one sentence for both offenses.  Petitioner has not shown that the

failure to "aggregate" sentences resulted in any prejudice to Petitioner, who nevertheless gained the advantage of concurrent sentences until the period of the first sentence expired.

Petitioner argues that not combining the two sentences into one term arbitrarily added eighteen months to the second sentence imposed. However, the sentencing court's direction to run the two sentences concurrently cannot be said to be arbitrary; rather, it was the result of the court's express consideration of statutory factors pertinent to determining whether multiple sentences should be consecutive or concurrent. Further, it appears that the primary cause of the absence of overlap between the two sentences in Petitioner's case was the timing of the two sentencing proceedings. Although Petitioner adverts to the possibility of prosecutorial abuse of this situation, there is no basis for concluding that the time interval between the two sentencing proceedings in the present case resulted from any improper conduct on the part of the prosecutor; indeed, it was Petitioner himself who tried to delay the second sentencing proceeding, but the sentencing court denied Petitioner's request to continue the sentencing. The record does not reflect or even suggest prosecutorial abuse.

Petitioner cites United States v. Wilson, 503 U.S. 329, in which it was determined that under the re-codification and amendment of § 3585(b) effectuated as part of the Sentencing Reform Act of 1984, the Attorney General remains the entity who determines credit for pre-sentence time. The Court rejects Petitioner's contention that the Court in Wilson prohibited or criticized credit determinations such as that in the present

case. In the course of the Wilson decision, the Court addressed the defendant's argument that he was entitled to credit for time spent in jail awaiting the outcome of federal and state prosecutions. The defendant in Wilson was sentenced in federal court first, and the federal court declined to give him credit against his federal sentence for the time spent in pre-sentence state custody. A state court later sentenced him on state charges and gave him credit against his state court sentences for the pre-sentence detention. The defendant then was transferred to federal custody, and he began serving his federal sentence. The defendant challenged the federal court's failure to give him credit for the time spent in state custody on his federal sentence. The Supreme Court ruled that the federal court had been correct because it was the Attorney General through the BOP who was to compute the credit due in the federal proceedings. Further, the Court rejected the defendant's contention that because he had not received the state credit as of the time of his federal sentencing hearing, he was entitled to the credit on his federal sentence. The Court rejected this argument as follows:

> Under this logic, however, if the District Court had sentenced Wilson a few weeks later than it did, he would not have received credit under § 3585(b). This interpretation of the statute would make the award of credit arbitrary, a result not to be presumed lightly. See United States v Turkette, 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981) (absurd results are to be avoided). We can imagine no reason why Congress would desire the presentence detention credit, which determines how much time an offender spends in prison, to depend on the timing of his sentencing. For these reasons, we conclude that § 3585(b) does not authorize a district court to compute the credit at sentencing.

United States v. Wilson, 503 U.S. at 334. The Court was not

13

addressing the issue of concurrent federal sentences commencing on different dates; rather, it was addressing the aspect of § 3585 that authorizes credit only for time that has not been credited against another sentence.

Petitioner refers to the case of United States v. Cornelius Sirmon, case number CR-05-11 in the Eastern District of Wisconsin, in which a sentence on a supervised release violation was ordered to run concurrently with a sentence for new criminal conduct. In that case, the two sentences were imposed on the same day; thus, the two sentences ran concurrently from the same date. The Sirmon case thus differs from Petitioner's case, in which over nineteen months passed between the two sentencing proceedings.

Petitioner argues that the BOP ignored the concept of primary jurisdiction in its credit computation. However, the concept of primary jurisdiction applies where there are two sovereign jurisdictions imposing sentences. See, e.g., Strand v. Schmittroth, 251 F.2d 590 (9th Cir. 1957), cited by Petitioner, which involved a petitioner who had been sentenced on a federal offense, released on probation, and then arrested by state authorities for an earlier offense. Here, Petitioner's two sentences were imposed by the same court. The court's observations in Strand v. Schmittroth concerning the jurisdiction of two sovereigns competing to try or to incarcerate an alleged offender are not pertinent to the present case.

In summary, Petitioner has not shown that the BOP's computation of Petitioner's pre-sentence credit was contrary to the Constitution or federal statute. The petition for writ of

habeas corpus will be denied.[2]

Further, petitioner's motion for a decision filed on January 31, 2013, will be dismissed as moot.

IV. <u>Disposition</u>

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DENIED; and

2) The motion for a decision on the petition is DISMISSED as moot; and

3) The Clerk is DIRECTED to enter judgment for Respondent.

IT IS SO ORDERED.

**Dated:   May 3, 2013                       /s/ Barbara A. McAuliffe**
                                      UNITED STATES MAGISTRATE JUDGE

---

[2] The Court does not address the issuance of a certificate of appealability because a certificate of appealability is not required to appeal the denial of a petition under § 2241. <u>Forde v. United States Parole Commission</u>, 114 F.3d 878, 879 (9th Cir. 1997). This is because the plain language of § 2253(c)(1) does not require a certificate with respect to an order that is not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. <u>Id.</u>

15